## S. S. & W. KUYPERS, EX'RS, &c. vs. THE MINISTERS, ELDERS AND DEACONS OF THE REFORMED DUTCH CHURCH.

If the admission or discovery of a fact, stated in the bill or called for by the interogatories, cannot aid the complainant in his suit, or in obtaining the relief he claims, or to which he may be entitled either in the court of chancery or elsewhere upon the case made by his bill, the defendant may demur to such discovery; or he may, in his answer, refuse to make the discovery and rely upon the immateriality of the fact of which the discovery is sought.

But where the complainant upon the whole case, as stated in the bill, is not entitled either to discovery or relief, the defendant should demur to the relief as well as to the discovery.

Where a church corporation, in the call of one of its ministers, agreed to pay him a salary which was less than the salaries of its other ministers, and covenanted to raise the same to an equality with the salaries of the other ministers whenever the income of the church would enable them to do so; and the bill alleged that the income of the defendants was sufficient at all times to enable them to pay such increased salary, but that they, had neglected and refused to increase the same; and a discovery of the defendants property and income was called for by the bill; *Held*, that the defendants must either admit by their answer that their income was sufficient to pay such increased salary, or must make the discovery of their property and income.

A demurrer which is attempted to be sustained by an averment of a fact in the answer, is in the nature of a speaking demurrer, and is therefore not aided by such averment.

Where a plea or demurrer is accompanied by an answer to any part of the bill, and such plea or demurrer is overruled, the complainant, if he wishes

a further answer or discovery as to the matters attempted to be covered by the plea or demurrer, must except to the answer already put in, for insufficiency.

A demurrer which is bad in part is bad in toto. But where a demurrer to the discovery is overruled because it covers too much, or upon a point of form merely, the defendant, upon exceptions to his answer for insufficiency, may raise the question as to the materiality of the discovery sought by such exceptions.

1837.

Kuypers
v.
The Reformed
Dutch Church.

THIS was an appeal from a decretal order of the vice chancellor of the first circuit overruling the defendant's demurrer to a part of the discovery sought by the complainant's bill. The following opinion was delivered by the vice chancellor, upon the hearing before him.

July 18.

McCoun, V. C. The demurrer in this cause is to some parts of the *discovery* which the bill seeks, but not to the relief. In a bill praying both discovery and *relief*, the discovery is incidental to the relief; and if a demurrer will not lie as to the relief, it will not, in general, lie as to the discovery. Hence, in a bill of that sort, a defendant cannot pass by the relief, leaving the plaintiff's right to relief to depend upon the answer and the proofs, and demurr to the discovery; since, if the bill shows such a case as to entitle the plaintiff to relief, it follows that he is entitled to a discovery of all the matters necessary or important to substantiate the case upon which his right to relief depends. (2 *Bro. C. C.* 121. *Mitfd. Pl.* 4*th. ed.* 183.) But the discovery sought must be material, otherwise the defendant may still demur to it, as being an unimportant part of the bill; upon the same principle, that in answering he may omit to answer such allegations as can have no bearing or relevancy, without being subject to the imputation of putting in an insufficient answer. In general, however, if it can be supposed that a discovery may in any way be material to the plaintiff, the defendant will be compelled to make it, except where the situation of the defendant would render it improper; as where his disclosures might subject him to pains and penalties, or a forfeiture, or might hazard his title. (*Mitfd.* 191 *to* 194.)

1837.

Kuypers
v.
The Reformed
Dutch Church.

In the present case, then, the question is, whether the parts of the bill demurred to, are at all material to the relief which it is possible the complainants may be entitled to at the hearing; for, by not demurring to the relief, the defendants admit such possibility. The question, therefore, is not now upon the relief, which can only be determined at the hearing. And I am inclined to think that some part of the discovery demurred to, is not altogether immaterial and unimportant to the case made by the bill, and to the relief which it seeks. Thus, in relation to the Harpendinck will, and the possession and enjoyment of property under it, of which the bill prays a discovery, the complainants' claim is mainly based upon it, as containing a trust in favor of their testator as one of the *cestuis que trust*. This, therefore, enters into and forms a material part of the case made by the bill, upon which the relief, in some measure, is to depend. The court cannot, upon this demurrer, undertake to settle the construction of the agreement contained in the call of 1789, and in the subsequent agreement of the 6th November, 1802, as set forth in the bill, nor say what effect they may have upon the claims under the alleged trusts of the will. If the defendants wished to present this question now, they should have demurred to the whole bill. As the pleadings stand, it can only be presented at the hearing upon the proofs. In the meantime, I am of opinion they must make the discovery which the bill in this respect seeks.

There are some parts of the discovery to which the demurrer is taken which would seem to be entirely unimportant. But this is a demurrer, which cannot be allowed in part and disallowed as to another part; and as I think it is not well taken in respect to the Harpendinck will, without examining it farther I must overrule it with costs.

*Geo. Wood & D. Lord, jun.,* for the appellants.

*John Anthon,* for the respondents.

THE CHANCELLOR. The demurrer is well taken to most of the discovery which it professes to cover, provided it

is not overruled by the answer. If the admission or dis-
covery of a fact stated in the bill, or called for by the
interrogatories, cannot aid the complainant in his suit,
or in obtaining the relief which he claims, or to which he
may be entitled in this court or elsewhere upon the case
made by his bill, the defendant may demur to the discovery
of such immaterial fact ; or he may, in his answer, refuse
to make the discovery and rely upon the immateriality of
the fact of which a discovery is sought.  But where the
complainant is not entitled either to discovery or relief, upon
the whole case as stated in the bill, the defendant should
demur to the relief as well as the discovery.  And he can-
not by demurring to the discovery of particular facts com-
pel the court to decide the whole case as upon a general
demurrer to the bill.  In this case it is alleged, among oth-
er things, that in 1789, Dr. Kuypers was called by the de-
fendants to be one of the ministers of their church, by an
instrument or call under their corporate seal, to preach
twice a week in the Dutch language ; in which instrument
or call the defendants agreed to pay him for his services as
such minister, an annual salary of £300 until such time as
by an increase of subscription or the ceasing of certain sal-
aries then paid, the defendants should be able to raise his
salary so as to make it equal to those of their other minis-
ters ; which increased salary, upon the happening of such
contingencies, they then agreed to pay him.  The com-
plainants further charge that the income of the defendants
was at all times from the date of the call sufficient, but
that the defendants had at no time raised the salary of Dr.
Kuypers to an equality with their other ministers, accord-
ing to the spirit and meaning of their call.  And the bill
prays, among other things, for a discovery of the annual in-
come of the church property, and that the salary of the
complainant's testator may be made equal to that of the
other ministers.  For the purposes of obtaining such relief,
a discovery of the income of the defendants property may
be necessary, unless the defendants admit the fact that it
was at all times sufficient to enable them to put the salary
of Dr. Kuypers upon an equality with that of the other

1837.

Kuypers
v.
The Reformed
Dutch Church.

1837.

Kuypers
v.
The Reformed
Dutch Church.

ministers, according to the intent and meaning of the call. But I cannot see how a discovery of the fact that Harpendinck made such a will as is stated by the complainants, and that the defendants claim title to a portion of their property under that will, can aid the complainants in obtaining the relief specifically prayed for, or any other relief to which they may be entitled under the general prayer. In the case of *M'Cartee* v. *The Orphan Asylum Society*, (9 *Cowen's Rep.* 437,) the court for the correction of errors decided that under the statute of wills a corporation could not take real estate by devise. And that being the case, a discovery of the fact that this property is held under a void devise might perhaps enable the heirs of Harpendinck, if there are any, or the people of the state if there are none, to deprive the defendants of their property; but it would not give the complainants any right to the income, as a devise in trust for the benefit of the ministers. If it is true, therefore, as stated in the bill, that any part of the property is held or claimed under a void devise, these complainants have no right to call upon the defendants to discover this defect in their title. All the discovery they have a right to claim is the extent of the income of the property, whatever may be the source of title; as that is the only question in which they are interested.

Neither does the question how the defendants became a corporation appear to be material in this case. The complainants' testator contracted with the defendants as a corporation aggregate, and the bill is filed against them in that character. It does not therefore lie with the complainants to object that the defendants were not duly incorporated and are not now a subsisting incorporation, especially as no foundation for such an objection is laid in the bill. And the defendants who appear and answer as a corporation, and who admit that they contracted with Dr. Kuypers as a corporation, and under their corporate seal, cannot deny their own existence as a corporation.

There is a part of the discovery covered by the demurrer, however, to which the complainants have a right to an answer, if they are entitled to any relief whatever upon the

facts stated in the bill; and that is as to the yearly income of the property, subsequent to the 1st of November, 1791, and until the death of Dr. Kuypers. For the purpose of deciding the demurrer, the allegation in the bill " that the defendants had at no time raised the salary of Dr. Kuypers to an equality with their other ministers, *according to the intent and meaning of their call,"* must be taken as true. And if the defendants are right in supposing that the true con- struction of the call is, that the salary was only to be raised to an equality with those which the other ministers were receiving at the date of the call, then this is an allegation that his salary was not raised to that amount. It is of no benefit to the defendants upon this demurrer, that they have alleged in their answer that in 1795 they raised the salary to £400, which was the highest salary paid to any of their other ministers at the time of the call in 1789, and that such increased salary was regularly paid and received by the complainants' testator without objection until the time of his death. If these facts are so, the defendants instead of de- murring to this part of the discovery, should have pleaded the facts in bar of the discovery of the income of the prop- erty subsequent to 1795; or in bar of the discovery and re- lief, as to any supposed inequality in the salary subsequent to that time, according to the intent and meaning of the call.

A demurrer attempted to be sustained by an averment of fact in the answer is in the nature of a speaking demurrer, and is not aided by such averment. The defendants' state- ment, in their answer, that they do not know and cannot set forth what was their revenue and income between 1791 and the time when the salary was raised, in 1795, cannot therefore be brought in aid of their demurrer to the discov- ery of their income during that period. On the contrary this is a full and perfect answer to that part of the discov- ry sought by the bill, and therefore overrules the demurrer.

As a demurrer bad in part is bad for the whole, it is not necessary that I should inquire as to the materiality of other parts of the discovery covered by this demurrer. It is suf- ficient to say that it for the most part depends upon the question, which I presume is the main point in the cause,

*1837.*

*Kuypers
v.
The Reformed
Dutch Church.*

whether, according to the true intent and meaning of the call, Dr. Kuypers's salary was to be increased from time to time during his ministry, so as to give him a salary which was equal to the highest sum that should be from time to time paid to any of the other ministers. If the defendants wish to save themselves from the necessity of answering the parts of the bill which relate to that subject, they will have the opportunity to raise the question in another form, upon the argument of the exceptions which may be taken to the present answer for the purpose of compelling a further answer as to the several matters covered by the demurrer. Where a plea or demurrer is accompanied by an answer to any part of the bill, and the plea or demurrer is overruled, the complainant must except to the answer as insufficient, if he wishes to obtain a further answer as to any of the matters covered by the plea or demurrer. And where the court has not in fact decided the question whether the complainant is entitled to a discovery as to any particular matter, but has, as to that matter, overruled the plea or demurrer upon a point of form only, or because it covers too much, the right of the defendants to raise the question as to the materiality of the discovery upon the reference of the exceptions to the master is preserved. All I intend to decide in affirming the decretal order of the vice chancellor in this case is, that the complainants are not entitled to a discovery of the defendant's title or claim of title under the will of Harpendinck, or how the defendants became a corporation, and what are their corporate rights; but that the defendants must in their answer admit that their income from time to time, from the first of November 1791 to the death of Dr. Kuypers, was sufficient to have enabled them to pay him a salary or compensation equal to the highest that they paid to any of their other ministers; or they must set forth the amount of such income annually during that period, so far as it is in their power to do so. Other questions which have not been examined and passed upon by the vice chancellor are reserved for his further decision.

The decretal order appealed from is affirmed with costs, and the proceedings are to be remitted to the vice chancellor.