## Case No. 17,726.

### WILLIAMS v. LEONARD et al.

[9 Blatchf. 476; 5 Fish. Pat. Cas. 381.] [1]

Circuit Court, N. D. New York.  March 19, 1872.

**INFRINGEMENT OF PATENTS — SUITS IN EQUITY — PROFITS AND DAMAGES—SALARY OF DEFENDANT.**

1. In a suit in equity, for the infringement of letters patent, brought before the passage of the act of July 8th, 1870 (16 Stat. 206, 216, §§ 55, 111), both profits and damages cannot be recovered.

[Cited in Chapman v. Ferry, 12 Fed. 695. Distinguished in Untermeyer v. Freund, 58 Fed. 212.]

2. An interlocutory decree in such a suit, entered after the passage of such act, inadvertently provided for the recovery of both profits and damages. The report of the commissioner reported both profits and damages, and was excepted to by the defendant, on the ground that the damages could not be recovered in the suit: Held, that the point could not be raised by an exception to such report, but that, nevertheless, the court would not award any damages, and would resettle the interlocutory decree, so as to exclude them.

3. In an accounting for profits, the defendant cannot be credited with a sum of money as a salary earned by and paid to himself, while engaged in the business which earned the profits.

[This was a bill in equity by William Williams against Calvin A. Leonard and others for alleged infringement of a patent. Heard on exceptions to commissioner's report.]

F. A. Macomber, for plaintiff.

H. H. Woodward, for defendants.

WOODRUFF, Circuit Judge. The form of the interlocutory decree in this case warranted the commissioner in reporting both the profits made by the defendants, by infringing the patent of the complainant, and also the damages (over and above, or beyond the amount of, those profits) sustained by the complainant, as allowed in actions brought after the passage of the act of July 8, 1870 (16 Stat. 206, 216, §§ 55, 111). Whether any language can be found in the opinion of the court, delivered after the hearing of the cause on pleadings and proofs, that seemed to warrant such an interlocutory decree, I am not able, from recollection, to say; but it is quite certain, that the court did not intend to decide, that, in a suit brought in equity before the passage of that act, both profits and damages can be recovered. Section 111 declares, that actions and causes of action then existing may be commenced and prosecuted, and that suits then pending may be prosecuted to final judgment and execution, in the same manner as though the act had not been passed, and that the remedial provisions of the act shall be applicable to all suits and proceedings thereafter commenced, although the cause of action may

1 [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here reprinted by permission.]

have arisen before. The provisions of the statute regulating the form of action, and prescribing the measure of recovery, at law or in equity, are provisions applicable especially to the remedy; they are among the "remedial provisions." When they were declared applicable to all suits thereafter brought, as an exception to language importing that prior or causes of action, not yet prosecuted, should be commenced and prosecuted, and suits commenced should be prosecuted to judgment, in the same manner as if the act had not been passed, the negative implication is plain, that those remedial provisions which were new have no application to suits then pending. In construing an exception, the expressio unius is eminently the exclusio alterius.

The interlocutory decree is wrong. Had such a decree been entered by consent, the defendants might be bound by it; but I presume it was entered without the attention of counsel being called to the construction of the statute. How it was settled does not appear.

But, in so far as the exceptions to the report of the commissioner are addressed to this point, the defendants have mistaken the mode of correcting the error. The report conforms to the decree, and, therefore, is not, in this particular, the proper subject of exception. The court should have been applied to, to resettle the decree.

Nevertheless, it is not too late to make the correction. Entertaining the opinion above expressed, the court will not proceed to a final decree against the defendants, which it deems not warranted by law; and the facts reported in detail by the commissioner will enable the court to decree the recovery of the gains and profits made by the defendants, by the infringement, excluding damages beyond that amount. The complainant had his election, to proceed for such gains and profits, or to sue for damages, and he chose the former. As to the result of such election, the law has not been changed since he brought his suit, and it is no hardship that he is held to his election.

As to the "salaries" of the defendants, during the period in which they have been engaged in infringing, they have no title, as against the complainant. It would be very great injustice, if the quantum of gains and profits recoverable by a complainant depended on the question, how much of such gains and profits the defendants used for their own support, or the support of their families, or, as even more broadly claimed here by the defendants, how much they saw fit to appropriate to their own use. Infringers would rarely be required to pay over anything, if they could divide the gains and profits among themselves, under the name of salary, wages, or any other designation. Men work for gains and profits, but they are gains and profits still. Men support themselves and their families out of their gains and profits,

but that does not change their nature. If it were not so, inventors might, by reason of infringements, fail to obtain anything, and the infringers obtain what they see fit to term adequate salaries, out of their piracy. What, in good faith, the defendants pay to others, as expenses, may be taken as the cost, to them, of their manufacture. What they take to themselves are gains. They might, perhaps, have earned and gained as much, or perhaps more, by laboring in some other business, in no violation of the rights of their neighbor; but they cannot be permitted to gain either wages or salary by a violation of such rights.

The exceptions, as exceptions, must be overruled, with costs; but the interlocutory decree should be resettled and entered, and the amount of gains and profits, which, as I understand the report, are $1,668.19, should be awarded by the final decree, with interest thereon, and the costs of suit.