## CHAPMAN *v.* FERRY and another.

### (*Circuit Court, D. Oregon.* July 10, 1882.)

**1. COPYRIGHT—PRACTICE—DISCOVERY.**

A demurrer will lie to an allegation in a bill, the answer to which may subject the defendant to anything in the nature of a penalty or forfeiture; as an allegation concerning the number of copies sold and on hand of a pirated map.

**2. SAME—INFRINGEMENT—PENALTIES AND FORFEITURES.**

The penalties and forfeitures given by section 4965 of the Rev. St. (16 St. 214) for an infringement of a copyright, cannot be enforced in a suit in equity; and a prayer in a bill that the plate and unsold copies of a pirated map be delivered up to an officer of the court for cancellation and destruction is demurrable, as asking for the enforcement of such forfeiture.

**3. SAME—DAMAGES.**

Damages as well as profits may now be recovered in equity for an infringement of a patent, but not a copyright.

Suit in Equity for Infringement of Copyright.

*H. Y. Thompson,* for plaintiff.

*Frederick V. Holman,* for defendant.

DEADY, D. J.    This suit is brought to obtain an injunction restraining the defendants from infringing the copyright of a "Map of the cities of Portland and East Portland and the town of Albina, Oregon," compiled and published by plaintiff, and for an account of sales.

The bill states in detail the steps taken by the plaintiff in 1874–5 to obtain the copyright of the map, and his ownership thereof ever since; the infringement of the same by the defendants on May 10, 1881, by the publication of 500 copies of a map entitled "Map of the cities of Portland and East Portland and the town of Albina, Oregon;" and alleges that the same is substantially a copy of the plaintiff's, and an infringement of his copyright; that the defendants have sold 300 copies of said map at five dollars a copy, to the damage of the plaintiff $3,000, and is still the owner of the plate upon which the same were printed and the 200 copies remaining unsold, which they continue to offer for sale.    The prayer of the bill is that the defendants may "answer all and singular the matters and things" set forth therein, and that they be required to surrender the copies on hand and the plate to an officer of this court "to be cancelled and destroyed."

The defendants demur to so much and such parts of the bill as seek to have a discovery as to the number of copies of their map sold or on hand, because the same will subject them to penalties and forfeitures as provided in section 4965 of the Revised Statutes.

It is well established that a defendant may "demur to a discovery which may subject him to anything in the nature of a penalty or forfeiture," (Story, Eq. Pl. § 583;) and by the section of the Revised Statutes aforesaid the defendants are made liable to forfeit to the plaintiff the plate upon which their map was printed and every sheet thereof, and also to pay a penalty of one dollar for every sheet found in their possession.

Apparently, then, the demurrer is well taken; but counsel for the plaintiff contends that this is not a bill of discovery, and that nothing is sought to be discovered from the defendants in that respect. But it is said, on good authority, that every bill for relief is in reality a bill for discovery, since it asks from the defendant an answer as to all the matters charged therein.    Story, Eq. Pl. § 311. And by the same authority an answer must confess, avoid, deny, or traverse all the material parts of the bill.    Id. § 852.    The prayer

for the surrender of the plate and printed copies on hand is also demurrable.

The forfeitures and penalties given by section 4965 of the Revised Statutes (17 St. 214) are not enforceable in a court of equity, in the absence of an express statute to that effect. To recover the forfeiture and penalties given by this section for the infringement of his copyright, the plaintiff must resort to an action at law. *Stevens* v. *Cady*, 2 Curt. 200; *Stevens* v. *Gladding*, 17 How. 453. Admitting this, however, counsel for the plaintiff insists that the surrender of these articles as prayed for is not an enforcement of the forfeiture of them to the plaintiff, but only a means of enforcing the decree for a permanent injunction. No authority is cited for this distinction. To require the defendants to surrender their plate and copies of map for destruction will effectually enforce the forfeiture as against them and in favor of the plaintiff, so far and in the mode he desired. In fact, upon the delivery of the articles to the officer of this court for the purpose desired, the forfeiture is there and thereby enforced against the defendants; their right in and to the property is divested, and it is disposed of with the consent of the plaintiff.

On the argument, counsel for the defendants also assigned, *ore tenus,* as a cause of demurrer to so much of the bill as alleged the amount of damages sustained by the plaintiff on account of the infringement, that damages are not recoverable in a court of equity, and the relief is limited to an account and recovery of the profits made by the defendants on the sale of the infringing map.

This was the rule in patent cases until the passage of the act of July 8, 1870, when by section 55 of that act (16 St. 206; section 4921 Rev. St.) it was provided that in a suit of equity, when a decree is given for an infringement, the plaintiff shall be entitled to recover not only profits made by the defendant, but the damages he has sustained thereby. Curt. Pat. § 341; *Williams* v. *Leonard*, 9 Blatchf. 476; *Andrews* v. *Creegan*, 7 FED. REP. 478. But the provisions of the act of July 8, 1870, concerning patents, do not appear to be applicable to copyrights, which are provided for separately in the sections from 85 to 110, inclusive. By section 106 jurisdiction is given to the courts of the United States of suits and actions arising under "the copyright laws of the United States," and power is given them to grant injunctions according to the course and principles of courts of equity, an incident of which is a right to an account of profits. *Stevens* v. *Gladding,* 17 How. 456. But no provision is made, as in section 55, *supra,* concerning cases arising under "the patent laws of the

United States," for the recovery of damages as well as profits in a: suit in equity. The reason for this distinction between subjects so nearly identical in their nature and origin is not apparent, but the statute has made it and the courts must observe it.

The demurrer is sustained.

NOTE. A defendant cannot be compelled to make discoveries in answer to a bill which seeks to enforce penalties and forfeitures against him by means of such discoveries. *Atwill* v. *Ferrett*, 2 Blatchf. 39. The defendant cannot be compelled, under a subpœna *duces tecum*, to produce his books and papers and plates to be used in evidence for plaintiff. *Johnson* v. *Donaldson*, 18 Blatchf. 287; S. C. 3 FED. REP. 22. A motion to compel such testimony will not be granted in aid of an action for trespass for the violation of a copyright. *Atwill* v. *Ferrett*, 2 Blatchf. 39. The relief will only be to the extent of the part infringed. *Story* v. *Holcombe*, 4 McLean, 306. The various provisions of the law should be liberally construed to give effect to what may be considered the inherent right of the author to his work. *Myers* v. *Callaghan*, 5 FED. REP. 726. But equity will not, at the instance of the author, where he has made an assignment forever, restrain the assignee from selling after a renewal taken out by the author. *Paige* v. *Banks*, 7 Blatchf. 152. The right to a chart is violated only when another copies from the chart of him who has secured the copyright. *Blunt* v. *Patten*, 2 Paine, 397. Compare *Gray* v. *Russell*, 1 Story, 11; *Emerson* v. *Davies*, 3 Story, 768. The publication of a map made from materials collected while in the service of the government as draughtsman belongs to the government. *Commonwealth* v. *Desilvan*, 3 Phila. 31. See *Heine* v. *Appleton*, 4 Blatchf. 125. Compiling maps of a city of a particular design from public records into an atlas, and without taking out a copyright making several copies and selling them, and placing one copy in the hands of the city for public use, is a dedication to public use, (*Rees* v. *Peltzer*, 75 Ill. 475;) but depositing one chart in the navy department does not make it public property. *Blunt* v. *Patten*, 2 Paine, 307. A single sheet containing diagrams is a subject of copyright; the form of the publication is immaterial, (*Drury* v. *Ewing*, 1 Bond, 540;) but an advertising card is not. See *Ehret* v. *Pierce*, 10 FED. REP. 553.—[ED.