### SOCIAL REGISTER ASS'N v. MURPHY.

(Circuit Court, D. Rhode Island. March 9, 1904.)

#### No. 2,617.

1. COPYRIGHT—INFRINGEMENT—DAMAGES RECOVERABLE IN EQUITY.
    In a suit in equity for infringement of copyright there can be no recovery in the way of damages beyond the gains and profits which the defendant is shown to have realized from the infringement.

In Equity. On motion for entry of decree.
See 128 Fed. 116.

Gifford & Bull, for complainant.
Matteson & Healy, for defendant.

BROWN, District Judge. This is a motion for the entry of a decree for infringement of copyright. The complainant is entitled to an account of the profits, gains, and advantages which the defendant has received. It is not entitled to damages other than this. The complainant relies upon section 4964 of the Revised Statutes, which provides that an infringer shall "pay such damages as may be recovered in a civil action by such proprietor in any court of competent jurisdiction." This does not enlarge the jurisdiction of a court of equity. It is not analogous to section 4921, which confers upon the courts power, in patent causes, to render a decree for damages in addition to profits to be accounted for. The general principles governing courts of equity in such matters are explained in Root v. Railway Co., 105 U. S. 189, 207–215, 26 L. Ed. 975; Chapman v. Ferry (C. C.) 12 Fed. 693; Callaghan v. Myers, 128 U. S. 663, 9 Sup. Ct. 177, 32 L. Ed. 547. See, also, Stevens v. Gladding, 17 How. 447, 15 L. Ed. 155; 7 Am. & Eng. Enc. Law (2d Ed.) 590. This point was not involved in the decision of Belford v. Scribner, 144 U. S. 488, 12 Sup. Ct. 734, 36 L. Ed. 514. The decree simply awarded profits, and no distinction was made between profits and damages. While in some cases the profits to be accounted for are spoken of as damages, yet in no case that has been presented is it held that damages, as distinct from or additional to profits, can be decreed in equity in a copyright case, as in patent causes. While the word "damages" is used in decrees, it is used synonymously with "profits." Confusion can be avoided by omitting the word "damages," since the word "profits" is more accurate, and sufficient. The waiver of forfeiture removes all objection to the examination of the defendant on the accounting. The only proofs of infringement of

¶ 1. See Copyrights, vol. 11, Cent. Dig. §§ 81, 83.

specific copyrights that have been presented are those contained in the complainant's exhibit "Parallel Columns." The decree should be limited by striking out all copyrights other than those referred to in that exhibit. Clause 3 should be amended by striking out the words "one or more of the copyrights," and inserting a reference to the specific copyrights which the defendant has infringed as appears by said exhibit.

I find no sufficient reason for the denial of the usual costs to the complainant.

Let a draft decree be prepared accordingly.