Marcel **BOUCHER** d/b/a Boucher, and Marcel Boucher and Jeanne Boucher d/b/a Marcel Boucher et cie., Plaintiffs,

v.

**DU BOYES**, Inc., Arke, Inc., Capri Jewelry, Inc., Sidney Lisner d/b/a D. Lisner & Company, Jules Steinberg and I. Slovitz d/b/a B. Steinberg-Kaslo Company, Volupte, Inc., and Walter Heimler, Inc., Defendants.

United States District Court
S. D. New York.
Dec. 21, 1955.

**640**

Forsythe, McGovern & Fetzer, New York City, for plaintiffs. Burton L. Knapp, New York City, of counsel.

Morris Kirschstein, New York City, for defendant Arke, Inc. David B. Kirschstein, New York City, of counsel.

Maxwell E. Sparrow, New York City, for defendants, except Arke, Inc.

HERLANDS, District Judge.

Before me for decision are four separate motions arising out of an action brought for copyright infringement and unfair competition, 17 U.S.C.A. § 101. The subject matter of the litigation concerns jewelry designs of necklaces, bracelets, earrings and pins.

Plaintiffs allege in their complaint that defendants infringed upon plaintiffs' design copyrights which were duly registered and copyrighted. The seven defendants against whom relief is sought are either manufacturing or selling costume jewelry. Basic to the liability of all of the defendants are such common questions of law and fact as the validity of plaintiffs' copyright and whether defendants' acts infringed plaintiffs' copyright.

The complaint seeks the following relief:

"1. That the defendants, Du Boyes, Inc., Arke, Inc., Capri Jewelry, Inc., Sidney Lisner d/b/a D. Lisner & Company, Jules Steinberg and I. Slovitz d/b/a B. Steinberg-Kaslo Company, Volupte, Inc., and Walter Heimler, Inc., and each of them, and their officers, agents, servants, employees and attorneys and all persons in active concert with them, be enjoined during the pendency of this action and permanently from infringing said copyrights of the plaintiffs in any manner, and from publishing, selling, manufacturing marketing, or otherwise disposing of any copies of plaintiffs' copyrighted costume jewelry.

"2. That said defendants, and each of them, their officers, agents, servants, employees and attorneys and all persons in active concert with them, be enjoined during the pendency of this action and permanently from representing to the trade or otherwise that their jewelry items as aforesaid are copies of items originally designed by Marcel Boucher and from attempting to palm off and sell such jewelry on the basis of such representation.

"3. That the defendants and each of them be required to pay to plaintiffs such damages as plaintiffs have sustained in consequence of defendants' infringements of said copyrights and said unfair trade practices and unfair competition and to account for

"(a) all gains, profits and advantages derived by the defendants, and each of them, by said trade practices and unfair competition, and

"(b) all gains, profits and advantages derived by defendants by their infringement of plaintiffs' copyrights and such damages as to the Court shall appear proper within the provisions of the copyright statute, but not less than two hundred and fifty dollars.

"4. That the defendants, and each of them, be required to deliver up to be impounded during the pendency of this action all copies of plaintiffs' said costume jewelry in their possession or under their control and to deliver up for destruction all infringing copies and all molds and other matter for making such infringing copies.

"5. That defendants pay to plaintiffs the costs of this action and reasonable attorneys' fees to be allowed to plaintiffs by the Court.

"6. That plaintiffs have such other and further relief as to the Court seems just and proper."

Defendants were each served with a copy of the complaint on July 11, 1955, except defendant Sidney Lisner, who was served on July 13, 1955.

Thereafter, defendants Capri Jewelry, Inc.; Sidney Lisner, doing business as D. Lisner & Co.; Jules Steinberg and I. Slovitz, doing business as B. Steinberg-Kaslo Co.; Volupte, Inc.; and Walter Heimler, Inc., served a joint answer on August 2, 1955. Defendant Du Boyes, Inc. served its answer on August 18, and defendant Arke, Inc. served its answer on August 19. Subsequently, plaintiffs served a demand for jury trial.

With respect to defendant Arke, Inc., plaintiffs served their demand for jury trial on September 19, 1955, which was twenty days after the expiration of the ten-day period for timely service of such a demand under Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. Arke, Inc. is the only defendant who challenges the validity of the jury demand on the ground that service of the demand was not timely.

The four pending motions may be described and identified as follows:

(1) Motion by defendant Arke, Inc. to strike the jury demand and to transfer the case from the jury to the non-jury calendar (Rule 38[b] and Rule 39[a (2)] of the Federal Rules of Civil Procedure).

(2) Motion by defendant Arke, Inc. for a severance and separate trial on the ground that it has been improperly joined as a defendant (Rule 20[a] of the Federal Rules of Civil Procedure) and that, in any event, it should be separately tried (Rule 20[b] of the Federal Rules of Civil Procedure).

(3) Motion by the defendants other than Arke, Inc. to strike the jury demand and to transfer the case from the jury to the non-jury calendar, on the ground that the complaint alleges an equitable cause of action and prays for equitable relief (Rule 39 [a (2)] of the Federal Rules of Civil Procedure).

(4) Cross-motion by plaintiffs, in opposition to defendant Arke, Inc.'s first motion, for an order excusing plaintiffs' delay in serving a jury demand upon that defendant and permitting the case to remain on the jury calendar with respect to that defendant (Rule 39[b] of the Federal Rules of Civil Procedure); and also objecting to a severance.

The complaint consists of seven causes of action, one cause being stated against each of the seven defendants. There is a common prayer for relief which, *inter alia*, prays for damages. The prayed for damages appear clearly to be incidental to the equitable relief requested. The mere request for damages does not alter the primary or dominant nature of the action as being one in equity for an injunction and an accounting. Tynan v. R.K.O. Radio Pictures, Inc., D.C.S.D.N. Y.1947, 77 F.Supp. 238; Upjohn Co. v. Schwartz, D.C.S.D.N.Y.1953, 117 F.Supp. 292; Arnstein v. Twentieth Century Fox Film Corporation, D.C.S.D.N.Y.1943, 3 F. R.D. 58; Young v. Loew's, Inc., D.C.S.D. N.Y.1942, 2 F.R.D. 350. Cf. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 468; Pathe Exchange v. Dalke, 4 Cir., 1931, 49 F.2d 161, 164.

In view of the foregoing, the motions are disposed of as follows:

(1) Defendant Arke's motion to strike the jury demand and to transfer the case from the jury to the non-jury calendar is granted.

(2) Defendant Arke, Inc.'s motion for a severance and for a separate trial is denied.

(3) Motion by defendants other than Arke, Inc. to strike the jury demand and to transfer the case to the non-jury calendar is granted.

(4) Plaintiffs' cross-motion for an order permitting service of a jury demand upon Arke, Inc. is denied. That part of the cross-motion which opposes defendant Arke, Inc.'s motion for a severance and for a separate trial is granted.

Settle orders on notice.