**CHAPPELL & CO., Inc.**
**and**
**M. Witmark**
v.
**PALERMO CAFÉ, Inc.**
Civ. A. No. 56-89.

United States District Court
D. Massachusetts.

Dec. 17, 1956.

Walter Powers, Bertram H. Loewenberg, Sherburne, Powers & Needham, Boston, Mass., for plaintiffs.

Joseph O'Connell, O'Connell & O'Connell, Boston, Mass., for defendant.

WYZANSKI, District Judge.

This motion presents the narrow question whether when a copyright holder sues an alleged infringing performer, and seeks in one count both an injunction and "just damages" in lieu of "actual damages and profits", the alleged infringer is entitled to demand a jury trial on the issue whether "just damages" are payable.

The only relevant statute is § 101 of the Act of July 30, 1947, c. 391, 61 Stat. 652, 661, 17 U.S.C. § 101 which provides:

"§ 101 Infringement

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:

"(a) *Injunction.*—To an injunction restraining such infringement;

"(b) *Damages and profits; amount; other remedies.*—To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement * * * or in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, * * * and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty. * * *"

Judge Ford, in a case squarely in point, that is one where plaintiff sought both an injunction and "just damages", has ruled that the demand for a jury trial must be granted. Chappell & Co., Inc., v. Cavalier Cafe, Inc., D.C.D.Mass., 13 F.R.D. 321. Cf. Bruckman v. Hollzer, 9 Cir., 152 F.2d 730 (plaintiff's claim for "actual damages", set forth in a separate count from his claim for an injunction, held to be triable before a jury). Berlin v. Club 100, Inc., D.C.D.

Mass., 12 F.R.D. 129 (plaintiff's claim for apparently "actual" rather than "just" damages held to be triable before a jury even though joined with a claim for an injunction. But this opinion was vacated when plaintiff made explicit his demand was limited to minimum just damages.)

Obedient to our practice in this District of following the recent rulings of brother judges which are not inescapably erroneous, I shall follow Judge Ford. But I deem it appropriate to set forth considerations which may support the contrary view which is held by the majority of judges. Boucher v. Du Boyes, Inc., D.C.S.D.N.Y., 137 F.Supp. 639, Arnstein v. Twentieth Century Fox Film Corp., D.C.S.D.N.Y., 3 F.R.D. 58; Young v. Loew's, Inc., D.C.S.D.N.Y., 2 F.R.D. 350, and unreported cases in the districts for Western New York, Rhode Island, Eastern Illinois, Northern Illinois, Eastern Tennessee, and Southern Florida.

At the outset it should be emphasized that this case is one of asserted incidental jurisdiction of an equity court. It may be assumed that if plaintiff had in the present suit claimed merely just damages and not an injunction, defendant would have been entitled to a jury trial. Root v. Railway Co., 105 U.S. 189, 200, 26 L.Ed. 975. In such a case the remedy at law would have been adequate; and the action might have been one in which the Seventh Amendment to the United States Constitution guaranteed a jury trial to one who demanded it.

But here we have a case where the claim for "just damages" is joined with a claim for an injunction. In such a case it is clear that Congress has the constitutional power to preclude a jury trial and to allow a judge to decide both claims. Clark v. Wooster, 119 U.S. 322, 325, 7 S.Ct. 217, 30 L.Ed. 392; N. L. R. B. v. Jones & Laughlin, 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893. The problem is whether this was the Congressional intent. Nothing more is involved.

One argument against such an intent is the history of equity jurisdiction. Some courts had held that an equity judge could not when issuing an injunction in a copyright case allow incidental damages unless a statute so authorized. L. Martin Co. v. L. Martin & Wilckes, 75 N.J.Eq. 257, 72 A. 294, 21 L.R.A., N.S., 526, 529; Social Register Ass'n v. Murphy, C.C.D.R.I., 129 F. 148; Chapman v. Ferry, C.C.D.Or., 12 F. 693. Cf. Root v. Railway Co., supra. See Stevens v. Gladding, 17 How. 447, 455, 15 L.Ed. 155 (where the so-called damages were held to be penalties). But these precedents ought to be narrowly applied. They represent a view out of harmony with most equity cases. Chafee, Equitable Remedies Against Torts (1924), p. 257, note 1; Chafee & Simpson, Cases on Equity, (1934) Vol. I, p. 597; Pomeroy, Equity Jurisprudence, 5th Ed., (1941), Vol. I, § 236; McClintock, Handbook of Equity (1936), pp. 76, 257. They have been discredited by statute in England where the doctrine originated. See L. Martin Co. v. L. Martin & Wilckes, above. And the precedents complicate litigation, cost time and money, create possible conflicts between jury verdicts and court decrees, and require a delicate determination as to whether the facts shall be presented first to a judge, first to a jury, or to both tribunals simultaneously.

Departure from these precedents at least so far as concerns "just damages" —not necessarily "actual damages"—is easily justified by the terms of the present copyright statute. For Congress has made it plain that the amount of just damages is to be fixed by a judge without a jury. L. A. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 106–107, 39 S.Ct. 194, 63 L.Ed. 499. As Justice Jackson said in F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 234, 73 S.Ct. 222, 226, 97 L.Ed. 276 in awarding them the judge is required to exercise a "judicial discretion * * * on all the facts." If the judge is to be trusted with this delicate and comprehensive function of appraisal, presumably Congress regarded him as trustworthy on the existence of liability.

Moreover, Congress has made "just damages" a substitute not merely for actual damages, but also for profits. If plaintiff recovers either one, he cannot in addition recover "just damages". Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 399, 60 S.Ct. 681, 84 L.Ed. 825. Since the award of profits has always been regarded as incidental to injunctive relief, it is no stretch to regard a substitute for profits as likewise incident thereto, especially as such a substitute is not a penalty. Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109. Douglas v. Cunningham, 294 U.S. 207, 209, 55 S.Ct. 365, 79 L.Ed. 862. Another point of minor significance is that there is not in the present copyright law as there was in the Act of August 18, 1856, 11 Stat. 138, with respect to the recovery of actual damages, an indication that Congress preferred an "action on the case".

To summarize the foregoing, this Court, were it not bound by Judge Ford's ruling, would look sympathetically upon a construction of 17 U.S.C. § 101 that gave breadth to the incidental jurisdiction of an equity court.