### CHAPPELL & CO., Inc. et al. v. CAVALIER CAFE, Inc.

#### Civ. No. 52–821.

United States District Court, D. Massachusetts.

Nov. 7, 1952.

As Amended Dec. 30, 1952.

Sherburne, Powers & Needham and Bertram H. Lowenberg, Boston, Mass., for plaintiff.

Simpson, Clason, Callahan & Giustina and Charles R. Clason, Springfield, Mass., for defendant.

FORD, District Judge.

Each of the three plaintiffs in this action charges the defendant with infringement by a public performance for profit of a musical composition of which plaintiff is the copyright owner, and asks that defendant be enjoined from publicly performing such compositions on its premises, and that defendant be decreed to pay damages to each of said plaintiffs in an amount not less than $250. Plaintiffs move to strike the demand for jury trial which has been filed by defendant.

Title 17 U.S.C.A., provides in § 101 several distinct remedies available against a copyright infringer, including in § 101(a) an injunction against further infringement, and in § 101(b) recovery of either the actual damages and profits or, in lieu thereof, statutory damages. It seems clear that if plaintiffs here sought only an injunction, their action would be equitable in nature and there would be no right to a jury trial. On the other hand, if they brought their action solely for damages, the action would

be in effect one at common law in which defendant upon seasonable demand would be entitled to a jury trial. Arnstein v. Porter, 2 Cir., 154 F.2d 464.

Here, however, plaintiffs ask both for an injunction and for damages, and the problem presented is whether defendant is entitled to a jury trial on the claim for damages. Under Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the right to jury trial is preserved as to those issues which are legal in their nature, even though they may be joined in the same complaint with claims of an equitable nature, as to which no right of jury trial exists. It is the nature of the issue itself which determines the mode of trial, and not the fact that other issues involved in the case may require a different mode of trial. Bruckman v. Hollzer, 9 Cir., 152 F.2d 730; 5 Moore's Federal Practice, 38.13, et seq. In this manner the right to jury trial in cases at common law, preserved by the Seventh Amendment as a basic and fundamental feature of our system of jurisprudence, is carefully protected. The procedural advantages afforded by the abolition of separate proceedings in law and equity are not to be gained at the expense of whittling away any part of the constitutional right to jury trial which existed under the former procedure.

Plaintiffs' contention is that the claim for damages here is something merely incidental to the equitable relief sought, and hence the damages can be awarded as an incident of equitable relief, even though they might have been recovered in a separate action at law. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893; Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37.

The damages sought in the present case cannot properly be considered as merely incidental to the equitable relief demanded. The right to damages is provided in 17 U. S.C.A. § 101 as a distinct and separate remedy from the injunctive relief which is authorized. In this respect, the statute differs significantly from the law governing actions for patent infringement, under which the Bellavance case, supra, on which plaintiffs rely, was decided. In 35 U.S.C. A. § 67 there is provision for an action legal in nature solely for the recovery of damages. In 35 U.S.C.A. § 70 there is a separate provision for injunctive relief, which specifically authorizes the recovery of damages in conjunction therewith. In contrast, the Supreme Court considered that the provisions of § 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C., App. § 925(e), authorizing actions for treble damages for rent overcharges, superseded the possibility that a court could award damages as incidental to a grant of equitable relief under § 205(a) of that Act, 50 U.S.C., App. § 925(a). Porter v. Warner Holding Co., 328 U.S. 395, 401, 66 S.Ct. 1086, 90 L.Ed. 1332.

The nature of the damages authorized by the statute to be recovered in a case such as this is also different. Plaintiffs can in the alternative recover the actual damages which they can prove they have suffered, or without offering any proof at all as to damages, recover statutory damages in at least a minimum amount. Thus the damages which under the statute and the prayer of the complaint, plaintiffs may be entitled to recover, are not limited to such damages as a court of equity might award as an incident to injunctive relief, but include also the statutory damages, which are peculiar to copyright cases. The court is empowered to award such damages only because of the statutory provision therefor, and not by virtue of its general equity powers. Decorative Stone Co. v. Building Trades Council of Westchester County, 2 Cir., 23 F.2d 426.

While these statutory damages are compensatory rather than penal in their nature, Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109, yet insofar as they are recoverable solely by virtue of statutory pro-

visions, they are analogous to the treble damages provided for in other statutes. An action to recover such damages is one which under common law pleadings would have been an action of debt upon a statute, in which the right of jury trial clearly existed. Claims for such statutory treble damages have repeatedly been held to be triable by jury, even when joined in the same complaint with claims for equitable relief provided for by other parts of the same statute. This has been true in rent overcharge cases, Orenstein v. United States, 1 Cir., 191 F.2d 184; United States v. Jepson, D.C., 90 F.Supp. 983; United States v. Strymish, D.C., 86 F.Supp. 999, and in anti-trust actions, Ring v. Spina, 2 Cir., 166 F.2d 546; Sablosky v. Paramount Film Distributing Corp., D.C., 13 F.R.D. 138. There is no reason why the same rule should not govern claims for damages which are the special creation of the copyright statutes.

Plaintiffs suggest that they are willing to waive all claims to damages other than the statutory minimum of $250. This would not effectively change the situation. If defendant is entitled to a jury trial on the damage claim, it is entitled to have the jury pass on all the issues of fact involved in that claim. The fact that the statute and plaintiffs' waiver combine to require a verdict of $250 for plaintiffs, if they get any verdict at all, does not deprive the defendant of its right to have the jury pass on the question, for example, of whether defendant ever performed the copyrighted piece of music. It is true that the judge in his discretionary control over the order of trial may determine the issues of fact in disposing of the equitable claim, so that when the legal claim is reached, there are no issues of fact left to be tried by the jury. Orenstein v. United States, supra. But this possibility does not justify the striking of defendant's jury claim at the outset of the case, for it is equally within the power of the judge to order the legal claim to be first tried to the jury and the equitable claim to be determined thereafter, and except in unusual situations, notwithstanding the suggestion in the Orenstein case, the proper course is to do so. Leimer v. Woods, 8 Cir., 196 F.2d 828, 835, 836.

■ On the basis of the provision of 17 U.S.C.A. § 101(b) that defendant shall pay " * * * in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated * * * ", plaintiffs contend that the determination of a claim for damages is for the judge alone, and not for a jury. Such a narrow interpretation was rejected in Mail & Express Co. v. Life Pub. Co., 2 Cir., 192 F. 899. Moreover, such a view, if correct, would mean that there would be no right of trial by jury in a copyright action brought solely for damages with no claim for equitable relief, yet the right to a jury trial in such a case is clearly established. Arnstein v. Porter, supra, 154 F.2d at page 468, and cases there cited.

Motion to strike demand for jury trial is denied.

■ Even on the view that the fixing of the amount of the statutory damages within the statutory limits as distinguished from actual damages is not for the jury but is committed solely to the discretion of the judge, cf. F. W. Woolworth Co. v. Contemporary Arts, Inc., 73 S.Ct. 222, it would still seem proper that the jury should pass on the question of infringement. That is a fact issue. In a similar situation under the Housing and Rent Act, 50 U.S.C.A. Appendix, § 1895, although the question of whether or not treble damages are to be awarded is left to the discretion of the court, there exists the right to have a jury pass on the question of the wilfulness of the violation before such an award can be made. Cf. Orenstein v. United States, supra.