**CHAPPELL & CO., Inc., et al., Plaintiffs, Appellants,**

v.

**PALERMO CAFE CO., Inc., Defendant, Appellee.**

**PALERMO CAFE CO., Inc., Defendant, Appellant.**

v.

**CHAPPELL & CO., Inc., et al., Plaintiffs, Appellees.**

**Nos. 5228, 5229.**

United States Court of Appeals
First Circuit.

Oct. 31, 1957.

Walter Powers, Boston, Mass., with whom Bertram H. Loewenberg and Walter Powers, Jr., Boston, Mass., were on brief, for Chappell & Co., Inc., et al.

Joseph J. Hurley, Boston, Mass., with whom Joseph F. O'Connell, Jr., Boston, Mass., was on brief, for Palermo Cafe Co., Inc.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

These cross-appeals seem to us to present very simple questions; perhaps the seeming simplicity is a deceptive one.

Plaintiffs brought suit in the United States District Court for the District of Massachusetts for infringement of two separate, still extant copyrights, pursuant to 17 U.S.C. § 101(a) and (b). The prayer of the complaint was, first, for an injunction against future infringements, and, second, that "the defendant be decreed to pay such damages as to the Court shall appear proper, but not less than Two Hundred and Fifty Dollars($250.00) to each plaintiff in each cause of action herein." There was also a prayer for allowance of reasonable attorneys' fees and for such further relief "as may be just and equitable".

Defendant, having filed its answer, duly filed a document entitled "Defendants Claim for Jury Trial" as follows: "Now comes the Defendant in the above entitled case and claims trial by jury." This document contains the notation that it was "Allowed" by the district judge on December 17, 1956.

The plaintiffs, on March 26, 1956, had filed a motion "for an order striking the defendant's demand for trial by jury and transferring the case to the non-jury calendar on the ground that no right of trial by jury exists under the Constitution or the laws of the United States as to the issues therein stated." Later, on December 4, 1956, plaintiffs filed a "stipulation and waiver" reading: "The plaintiffs stipulate that they will offer no specific evidence of actual damages suffered by any of them at the trial of the above-entitled action, and waive their claims to recover any damages in excess of the statutory minimum damages required by U.S.C. Title 17, Section 101."

On the next day, December 5, 1956, the district court held a hearing on plaintiffs' motion to strike defendant's demand for a jury trial. The motion was taken under advisement, and was denied by the district judge on December 10, 1956. On December 17, 1956, he filed an opinion explaining why he had denied the motion. In this opinion Judge Wyzanski made clear that if the point were a new one in the District of Massachusetts he would have been inclined to rule that the whole case before him was one within the equity jurisdiction, as to which the defendant had no right to a jury trial. See Chappell & Co., Inc., v. Palermo Cafe Co., Inc., D.C. 1956, 146 F.Supp. 867, 868. But in view of the fact that Judge Ford had recently ruled in a similar case that the defendant had a right to demand a jury trial, the district judge followed Judge Ford's ruling, obedient "to our practice in this District of following the recent rulings of brother judges which are not inescapably erroneous."

Shortly thereafter the district court proceeded, without objection, so far as appears, to hold a hearing on the application for an injunction, in the course of which evidence was taken on the issue of infringement. The district court issued its findings of fact to the effect that the two plaintiffs each owned a copyright on a named musical composition, and that the defendant on November 16, 1955, without plaintiffs' knowledge or consent, had made a public performance for profit of the two musical compositions for the entertainment and amusement of the patrons in defendant's place of business. It is not suggested by defendant that these findings lacked adequate support in the evidence; the only question raised was as to the propriety of the district court's determining this issue of infringement itself rather than awaiting a determination of such issue by a jury.

In accordance with the foregoing findings of fact, the district court on December 21, 1956, entered a "permanent injunction" forbidding defendant to make future infringements of the two copyrights. Appeals from this order of December 21, 1956, were taken both by plaintiffs and by defendant.

We shall first consider the appeal taken by the plaintiffs. Of course, they find no fault with the terms of the injunction granted in their favor, so far as it forbids future infringements. Their objection is that the district court committed error in not adding to its injunction an award of the statutory minimum damages of $250.-00 for each infringement. The reason the district court declined to make any award of damages was the fact, as noted above, that it had felt constrained to allow a demand for a jury trial on the issue of damages, and this jury issue was still outstanding.

█ For the reasons which we shall detail in considering defendant's appeal, it seems to us that the whole case before the district court was equitable in nature, as to which the defendant had no constitutional or statutory right to a jury trial; and in any event, that as soon as plaintiffs, on December 4, 1956, filed their waiver of a claim for anything but the minimum statutory damages under the so-called "in lieu" clause of § 101(b),

there was certainly nothing left for jury determination, once infringement had been found as a fact. Therefore, it seems to us pretty clear that the district court was in error in not awarding the statutory minimum damages.

However, this is only a dictum on our part, as we think it is inescapable that the district judge's injunction of December 21, 1956, though properly titled a "permanent injunction", was not a "final decision" within the meaning of 28 U.S.C. § 1291, since there still remained in the district court, to be disposed of in one way or another, so much of the complaint as sought an award of damages. See Catlin v. United States, 1945, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911.

Therefore, technical as it may seem, we are obliged to dismiss the appeal by the plaintiffs (No. 5228) for lack of jurisdiction. No doubt when the case gets back to the district court, that court, upon motion, will proceed to make the award of minimum statutory damages as it is required to do under 17 U.S.C. § 101(b).

There remains to consider the cross-appeal by the defendant. Certainly this cross-appeal is within our jurisdiction under 28 U.S.C. § 1292(1), since defendant is entitled to an immediate appellate review of an injunction issued against it, even though that injunction may be in the nature of an interlocutory judgment.

17 U.S.C. § 101 (61 Stat. 661) provides in part as follows:

"§ 101. Infringement.

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:

"(a) Injunction.—To an injunction restraining such infringement;

"(b) Damages and profits; amount; other remedies.—To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, * * * or in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, * * * and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty. * * *"

If this statute were all there was to the case, it is clear that defendant would have no right to a jury trial with respect to any issue.

The Congress, in authorizing the Supreme Court of the United States to issue rules of civil procedure, inserted a provision, perhaps out of abundant caution, making clear that no rule so promulgated should modify the substantive rights of any litigant or impair the right of trial by jury as at common law and declared by the Seventh Amendment to the Constitution of the United States. 48 Stat. 1064. So the Supreme Court, in promulgating the civil rules, expressly provided in Rule 38(a), 28 U.S.C. that: "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

But this so-called right of trial by jury was not unlimited. When the Constitution was adopted, there already existed, from ancient times, a distinction between actions at law and suits in equity. Only in the former was there any right to jury trial. See National Labor Relations Board v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893. Thus, if a vendor had brought an action for damages for breach of contract to purchase land, this proceeding of course would have been on the law side of a federal district court, and the defendant as of right could have demanded a jury trial on any disputed issues of fact as to the making of the contract, its breach, or the amount of dam-

ages resulting therefrom. See 5 Moore, Federal Practice 34–35 (2d ed. 1951). But if the vendor had chosen to file a bill in equity asking for a decree of specific performance of the contract, the district court as a court of equity would have had jurisdiction to give complete relief in one lawsuit, and thus could itself, in addition to decreeing specific performance, award damages for the past breach of contract, by way of "incidental" relief. This was so, even though the result was to cut out the defendant from a right to jury trial which would have been his had the vendor chosen to sue only for breach of contract. In other words, the whole complaint seeking specific performance and incidental damages would have been within the jurisdiction of the district court as a court of equity.

Defendant concedes the correctness of the foregoing. He concedes that the district court as a court of equity would have been free to determine and award "actual damages" as incidental to the relief by way of injunction against future infringements. But he insists that the just damages to be awarded under 17 U.S.C. § 101(b) "in lieu of actual damages and profits" cannot be deemed to be incidental to the award of equitable relief, but must be held to be a separate claim exclusively legal in nature, as to which the defendant is entitled as a matter of law to a jury trial on all issues involved, including the issue of infringement. Therefore, he says that the district court committed an abuse of discretion in proceeding to a trial of the application for an injunction, and a determination of the issue of infringement as a part thereof, since the finding of infringement by the court, on principles of res judicata, would preclude a subsequent jury trial on the overlapping issue of infringement in connection with the claim for damages. For this reason defendant contends that the district court committed reversible error in granting the injunction now under review, for that injunction rested upon a previous finding of fact that there had been infringement.

■ It is true that as a result of the combination of law and equity in the Federal Rules of Civil Procedure, and Rule 18(a) as to joinder of claims, a plaintiff may now unite as separate counts in a single complaint a claim purely equitable in nature and a claim purely legal in nature. But as pointed out by us in Orenstein v. United States, 1 Cir., 1951, 191 F.2d 184, 190, a separate and distinct cause of action for damages in the nature of a penalty does not lose its character as an action at law, as to which a right of jury trial attaches, and become merely an equitable adjunct, by reason of being joined in a single complaint with another cause of action of an equitable nature.

However, as we also said in Orenstein v. United States, supra, since the order of trial is within the discretion of the district judge, a district court does not necessarily commit an abuse of discretion by proceeding first to a trial and determination of the cause of action in equity, even though such trial and determination may preclude a new trial and determination by a jury of an overlapping issue in a pending cause of action strictly legal in nature. This would be particularly true in a case like the one at bar, where the district court proceeded without objection, so far as appears, to hear and determine all the issues involved in an equitable claim which was undoubtedly before it, the defendant having made no motion seeking a continuance by the district court of the issue of infringement to await a jury determination of that issue in connection with the pending claim for damages.

■ The foregoing would be a complete answer to defendant's attack on the injunction issued by the district court. However, we do not rest our decision on that ground, inasmuch as we regard the present complaint under 17 U.S.C. § 101 (b) as being in its entirety a claim invoking the equity jurisdiction of the district court, so that defendant had no right to demand a jury trial in any aspect of the claim.

We reject the asserted distinction between a claim for actual damages from the infringement, and a claim for just damages in lieu of proof of actual damages or profits resulting from the infringement, as provided in 17 U.S.C. § 101(b). It cannot be said that the award of the minimum statutory damages under the "in lieu" clause constitutes the infliction of a penalty which is inherently beyond the power of a court of equity to enforce. 17 U.S.C. § 101(b) expressly provides that the imposition of damages by a court under the "in lieu" clause "shall not be regarded as a penalty." Furthermore, the Supreme Court, in Brady v. Daly, 1899, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109, explicitly held that such a provision does not constitute a penal statute. The Court said (175 U.S. at page 154, 20 S.Ct. at page 64): "It is evident that in many cases it would be quite difficult to prove the exact amount of damages which the proprietor of a copyrighted dramatic composition suffered by reason of its unlawful production by another, and yet it is also evident that the statute seeks to provide a remedy for such a wrong, and to grant to the proprietor the right to recover the damages which he has sustained therefrom. * * In the face of the difficulty of determining the amount of such damage in all cases, the statute provides a minimum sum for a recovery in any case, leaving it open for a larger recovery upon proof of greater damage in those cases where such proof can be made."

The "in lieu" clause of the copyright statute was again before the Supreme Court in F. W. Woolworth Co. v. Contemporary Arts, Inc., 1952, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276. The Court pointed out that it would be difficult indeed to devise a short and simple formula for determining the measure of damages recoverable for actionable wrongs; that the necessary flexibility to do justice in the variety of situations which copyright cases present "can be achieved only by exercise of the wide judicial discretion within limited amounts conferred by this statute" (344 U.S. at page 232, 73 S.Ct.

at page 225); that "the statute empowers the trial court in its sound exercise of judicial discretion to determine whether on all the facts a recovery upon proven profits and damages or one estimated within the statutory limits is more just." 344 U.S. at page 234, 73 S.Ct. at page 226.

In No. 5228, a judgment will be entered dismissing the appeal for lack of jurisdiction.

In No. 5229, a judgment will be entered affirming the injunction issued by the district court.

No costs on appeal in either case.