CAYMAN MUSIC, LTD., et al.,
Plaintiffs,

v.

Alphonse REICHENBERGER,
Defendant.

No. 75–C–59.

United States District Court,
W. D. Wisconsin.

Aug. 28, 1975.

Frank J. Daily of Quarles & Brady, Milwaukee, Wis., and C. Vernon Howard, Madison Wis., for plaintiffs.

Kenneth P. Casey of Julian & Associates, S. C., Madison, Wis., for defendant.

ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for injunctive relief and money damages brought pursuant to 17 U.S.C. § 101 and 28 U.S.C. § 1338.

The complaint alleges three causes of action. In all three causes, plaintiffs allege that defendant infringed a copyright belonging to one of the plaintiffs by giving public performances of a copyrighted composition for the entertainment of persons frequenting defendant's place of business. For each cause of action, plaintiffs seek a permanent injunction restraining defendant from further commission of the infringing acts, $250 in damages, and the costs and reasonable attorneys' fees of the action.

Defendant has moved for a trial by jury; plaintiffs have moved to strike defendant's motion; and the matter is presently before the court on plaintiffs' motion to strike.

Plaintiffs assert that this action is one solely for injunctive relief, that the damages requested are only the statutory minimum required upon a finding of infringement, and that defendant has no right to a jury trial on any of the issues of the law suit.

Defendant asserts that insofar as plaintiffs seek money damages, they have raised a legal issue triable to a jury by right. Defendant argues that this lawsuit is governed by the principles of *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen, Inc., v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). These cases hold that the right to a jury trial is not lost by joining a legal issue to an equitable claim, that in a proceeding in which there are both legal and equitable claims, the order of trial must be arranged so that issues common to both the legal and equitable claim are tried first to the jury before the court decides the purely equitable issues, and that the characterization of a legal claim as "merely incidental" to an

equitable claim does not defeat the right to a jury trial as to that issue. See, 9 Wright and Miller, Federal Practice and Procedure, ¶ 2312 (1971). It follows from these cases and from the provisions of the Seventh Amendment that a jury trial will be required in this lawsuit if defendant is correct in his assertion that the plaintiffs' request for money damages is a legal claim, whether or not the damages requested are considered "minimal" or "incidental." [1] It does not follow from these cases, however, that every request for money is to be considered a legal claim triable by a jury. *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005 (1974); *Swofford v. B. & W. Incorporated*, 336 F.2d 406 (5th Cir. 1964).

■ Certain guidelines for determining whether a particular issue is legal or equitable in nature were set out in *Ross v. Bernhard*, 396 U.S. 531, 538, n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). Under these guidelines, the courts are to consider (1) what the custom was with reference to such questions before the 1938 Federal Rules of Civil Procedure authorized the merger into one action of equitable and legal causes of action; (2) the remedy sought; and (3) the practical abilities and limitations of juries.

■ Applying this test to the case before me, I am persuaded that a jury trial is not required in an action under 17 U.S.C. § 101, where the relief sought is limited to a request for an injunction and for minimum statutory damages.[2] Plaintiffs do not dispute the contention that a jury trial may be appropriate in a copyright infringement action where the relief sought is actual damages. The provision for recovery of minimum statutory damages, however, has always been considered to be part of the equitable proceedings.

Under 17 U.S.C. § 101, a party suing for infringement of a copyright may sue for an injunction restraining the infringement and for "such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement." In lieu of actual damages, the holder of the copyright may sue for an injunction and "such damages *as to the court* shall appear to be just." 17 U.S.C. § 101(b) [Emphasis Supplied].

The reason for the alternative forms of recovery has been explained by the United States Supreme Court.

"It is evident that in many cases it would be quite difficult to prove the exact amount of damages . . . . . . . In the face of the difficulty of determining the amount of such damages in all cases, the statute provides a minimum sum for a recovery in any case, leaving it open for a larger recovery upon proof of greater damage in those cases where such proof can be made." *Westermann Co. v. Dispatch Co.*, 249 U.S. 100, 108, 39 S.Ct. 194, 196, 63 L.Ed. 499 (1919) quoting *Brady v. Daly*, 175 U.S. 148, 154, 20 S.Ct. 62, 44 L.Ed. 109 (1899).

■ In an action in which the plaintiff seeks only "just damages," the court is required to award at least the minimum statutory damages once it has made the determination that there is a basis for injunctive relief. *Douglas v. Cunningham*, 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862 (1935); *Jewell-LaSalle Realty Co. v. Buck*, 283 U.S. 202, 51 S.Ct. 407, 75 L.Ed. 978 (1931); *Waterman Co. v. Dispatch Co., supra; Shapiro, Bernstein & Co. v. 4636 S. Vermont Ave., Inc.*, 367 F.2d 236 (9th Cir. 1966). The just damages are an integral part of the injunc-

---

1. "The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974).

2. Although plaintiffs did not identify the request for $250 in their complaint as a claim for statutory damages provided under 17 U.S.C. § 101, it is clear from their briefs and from that of defendant that the parties understand plaintiffs to be seeking minimum statutory damages only in this proceeding.

tive remedy and not a separate basis for recovery. *Chappell & Co. v. Palermo Cafe Co.*, 249 F.2d 77 (1st Cir. 1957).

The pre-merger history is clear in the copyright infringement cases: suits for injunctive relief and just damages were suits in equity.

The remedy sought by plaintiffs herein is equitable in nature; it is neither for compensation or for punitive damages.[3] *Cf., Rogers v. Loether*, 467 F.2d 1110 (7th Cir. 1972), *aff'd sub nom. Curtis v. Loether, supra*, in which the court held that a jury trial was required in a suit for damages for discrimination in the sale or rental of housing under the Civil Rights Act of 1968. In finding the claim a legal one, the court of appeals noted at p. 1118:

> Both the determination of the amount which would adequately compensate a litigant for an unliquidated claim and the punitive element of the award are appropriate for jury determination.

As to the practical abilities and limitations of juries, there is no issue. Under the statute, the court has no choice but to award the minimum statutory damages upon a finding that an injunction should issue. There is nothing for a jury to decide under the statutory scheme of § 101.

Accordingly, I conclude there is no right to trial by jury in this case, considering the traditional equitable character of suits such as these, the explicit commitment to the trial judge of discretion in the assessment and awarding of just damages, and the integral relation of the damages to the injunctive relief.

Accordingly, it is ordered that plaintiffs' motion to strike defendant's demand for jury trial is hereby granted.

---

3. The Supreme Court has held in a number of cases that the statutory just damages provided under 17 U.S.C. § 101 are not punitive damages. See, e. g., *Brady v. Daly*, 175 U.S. 148, 20 S.Ct. 62 (1895).