CHAPPELL & COMPANY, INC., et al.

v.

PUMPERNICKEL PUB, INC.

Civ. No. N-77-175.

United States District Court,
D. Connecticut.

Oct. 12, 1977.

Robert L. Keepnews, Hartford, Conn., for plaintiffs.

William M. Pomerantz, Hartford, Conn., for defendant.

RULING ON MOTION TO RECONSIDER

NEWMAN, District Judge.

On June 29, 1977, this Court adopted Magistrate Latimer's ruling denying plaintiffs' motion to strike defendant's jury demand in this suit for statutory liquidated damages in lieu of actual damages for infringement of a musical copyright. Plaintiffs sought reconsideration of that order. After careful reconsideration of the Magistrate's ruling and of the plaintiffs' arguments for reversing that ruling, the ruling is confirmed. Further amplification, however, is appropriate.

It is hornbook law that prior to the merger of law and equity a legal claim, such as actual damages, was entitled to a trial by jury while an equitable claim, such as injunctive relief, was not. Prior to merger a plaintiff seeking both remedies was required to initiate two separate actions. The

need for parallel proceedings was eliminated by the Federal Rules, which permit a plaintiff to seek both remedies in a single action, but do not affect the method of trial for each. A claim for damages is still entitled to a jury trial even though injunctive relief is sought in the same action. See 5 Moore's Federal Practice ¶ 38.19[1] at 167–69.

█ Thus in a copyright action a plaintiff seeking damages is entitled to a jury determination on that issue even though he also seeks an injunction and an accounting. *Bruckman v. Hollzer*, 152 F.2d 730, 732–33 (9th Cir. 1946). Clearly if plaintiffs here had asked for actual damages in addition to an injunction, defendant would be entitled to a jury trial.

This situation must be kept analytically distinct from an action in which the primary relief sought is injunctive, and damages are sought merely as an incident thereto. As Professor Moore points out, "[p]rior to the adoption of the Rules, and for two decades after their adoption, it was generally held that if a claim was properly equitable in character, there was no right to a jury trial on an issue of damages incidental to the equitable relief that the plaintiff sought." 5 Moore's Federal Practice ¶ 38.-19[2] at 169 (footnote omitted).

█ Thus there was a time when the plaintiffs could have predicated their resistance to a jury trial on the theory that the statutory minimum damages claimed here were merely incidental to the equitable relief sought and were therefore outside the guarantee of the Seventh Amendment. That argument has been precluded, however, by the Supreme Court's decisions in *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), and *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). The right to a jury trial on the issue of damages cannot be eviscerated by characterizing a legal claim as merely "incidental" to the equitable claim. If the claim for statutory minimum damages in lieu of actual damages is a legal claim, defendant is entitled to a jury trial. Plaintiffs can avoid a jury only if the claim for "in lieu" damages is, like the injunctive relief sought, purely equitable in nature. The issue is therefore whether statutory minimum damages are "so different" from actual damages that they should be considered an equitable rather than a legal remedy.

Plaintiffs rely principally on *Chappell & Co. v. Palermo Cafe Co.*, 249 F.2d 77 (1st Cir. 1957), which denied a jury trial for claims for injunctive relief and minimum statutory damages. The continuing vitality of that decision is open to serious question. The *Palermo* court recognized that a damage claim retained its legal character even when joined with a request for injunctive relief but went on to say that it was within the discretion of a district court to try the equitable claim first "even though such trial and determination may preclude a new trial and determination by a jury of an overlapping issue in a pending cause of action strictly legal in nature." *Id.* at 81. This analysis is precluded by subsequent Supreme Court decisions holding that a jury cannot be avoided by trying equitable issues before legal ones. *Dairy Queen, supra*, 369 U.S. at 472–73, 82 S.Ct. 894, and *Beacon Theatres, supra*, 359 U.S. at 510–11, 79 S.Ct. 948. A jury can only be avoided if minimum statutory damages are an equitable remedy. The *Palermo* court, apparently recognizing that principle, asserted that the entire case came within equity jurisdiction. 249 F.2d at 81. The only basis for that conclusion, however, is a citation to authority holding that minimum statutory damages are not like the imposition of a penalty, which would require a jury. *Id.* at 82. But even if minimum damages are not analogous to penalties, it does not follow that a claim for them is essentially equitable.

Plaintiffs also rely on the opinion of the District Court in *Palermo*. Judge Wyzanski had allowed a jury because of an earlier decision in the District, *Chappell & Co. v. Cavalier Cafe, Inc.*, 13 F.R.D. 321 (D.Mass. 1952), but indicated that he believed a jury should be denied. *Chappell & Co. v. Palermo Cafe, Inc.*, 146 F.Supp. 867, 868 (D.Mass. 1956). This dictum was premised on his

view that the case was "one of asserted incidental jurisdiction of an equity court." *Id.* He acknowledged that a separate damage claim would have been entitled to a jury trial, but maintained that since it was joined with an equitable claim, Congress had power to preclude a jury trial. *Id.* at 868. Once again, that rationale is precluded by *Dairy Queen, supra,* and *Beacon Theatres, supra.*

The only reported post-*Beacon* case to consider the issue is *Cayman Music, Ltd. v. Reichenberger,* 403 F.Supp. 794 (W.D.Wis. 1975). There Judge Doyle applied the standards set out in *Ross v. Bernhard,* 396 U.S. 531, 538 n.10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), for determining whether a particular issue is legal or equitable. Applying the *Bernhard* three-part test, he concluded first that the pre-merger history was clear and that suits for injunctive relief and just damages were suits in equity. 403 F.Supp. at 796. No authority is cited, but even if the assertion is true, it may be attributable to procedural exigencies, for before merger an injunction and damages could be given in the same action only if the latter were a mere "incident" to the former. That procedural obstacle is, of course, no longer present. The second part of the *Bernhard* test is "the remedy sought." *Cayman* asserts that since minimum damages are neither penal nor compensatory, the remedy must be equitable. Even if it is assumed they are not penal, cf. *Brady v. Daly,* 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109 (1895), again no reason or authority is cited for the proposition that they are not compensatory, nor any authority for concluding that they are equitable. As to the third test, the "practical abilities and limitations of juries," the opinion states that since only statutory minimum damages are asked for, there is no issue for the jury.

■ That analysis misses the mark. Historically, certain remedies were available only in equity because of a jury's inability to fashion the appropriate relief. But surely a jury is capable of awarding statutory minimum damages, for that is far easier than assessing actual damages. Moreover,

the underlying factual issue of whether there was infringement is within jury competence. The issue of infringement is tried to a jury when actual damages are sought and is no less entitled to jury consideration when the claim is for statutory minimum damages.

The only reported case found on this precise issue, other than those discussed above, is *Chappell & Co. v. Cavalier Cafe, Inc.,* 13 F.R.D. 321 (D.Mass.1952). There the court refused to strike the defendant's demand for a jury in an action seeking an injunction and the minimum statutory damages. The court rejected the view that such damages were a mere incident to equitable relief or that their award was an exercise of equitable power. *Id.* at 322. Instead the court analogized the remedy to other statutory damage provisions that were clearly compensatory and refused to strike the jury demand.

This result is also supported by the applicable common law analogue. The essential characteristic of the remedy sought here is recovery of a certain specified sum, a sum spelled out in the statute. If this action were brought at common law, the appropriate form of action would be a civil action for debt. "Debt lies whenever a sum certain is due to the plaintiff, or a sum which can readily be reduced to a certainty—a sum requiring no future valuation to settle its amount." *Stockwell v. United States,* 80 U.S. (13 Wall.) 531, 542, 20 L.Ed. 491 (1871); 26 C.J.S. *Debt, Action of* § 1 at 18. In *Stockwell* the statute specified a formula for computing the sum rather than stating a specific amount, and there the plaintiff was the United States rather than a private party. Nevertheless, the language of the Court's decision on the applicability of an action for debt is broad enough to encompass a suit for minimum statutory damages under the copyright statute. "It is immaterial in what manner the obligation was incurred, or by what it is evidenced, if the sum owing is capable of being definitely ascertained. . . . [W]hether the liability incurred is to be regarded as a penalty, or as liquidated damages for an injury done

to the United States, it is a debt, and as such it must be recoverable in a civil action." 80 U.S. (13 Wall.) at 542. In other suits for statutory damages analogized to an action for debt, a jury has been required. *Leimer v. Woods*, 196 F.2d 828, 834 (8th Cir. 1952); *United States v. Jepson*, 90 F.Supp. 983, 984–5 (D.N.J.1950).

For all these reasons, the motion to reconsider is denied, and the jury claim remains.