512 F.Supp. 1326 (1981)
Dorothy F. RODGERS, etc., et al., Plaintiffs,
v.
BRECKENRIDGE HOTELS CORP. et al., Defendants.
Charles STROUSE et al., Plaintiffs,
v.
BRECKENRIDGE HOTELS CORP. et al., Defendants.
Nos. 80-1200C(2), 81-296C(2).
United States District Court, E. D. Missouri, E. D.
May 7, 1981.
W. H. Copeland, Clayton, Mo., for plaintiffs.
Richard E. Coughlin, Clayton, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
These cases are now before the Court to determine whether defendants are entitled to a jury trial on plaintiffs' complaint. Plaintiffs allege in these actions that defendants have infringed plaintiffs' copyrights in certain musical compositions by publicly performing those compositions. Plaintiffs seek injunctive relief, plus statutory damages and costs and attorneys' fees. Defendants have requested a jury trial, and plaintiffs oppose that request.
*1327 Plaintiffs have disclaimed any desire to recover actual damages or profits pursuant to 17 U.S.C. § 504(b), and seek to recover only statutory damages as provided for in 17 U.S.C. § 504(c). Plaintiffs seek "such statutory damages as shall appear just, ..., namely, not more than Fifty Thousand Dollars ($50,000)[1] nor less than Two Hundred and Fifty Dollars ($250) in each cause of action."
It is clear that plaintiffs' requests for injunctive relief, costs, and attorneys' fees are equitable in nature and do not entitle defendants to a jury trial. The question is whether plaintiffs' requests for statutory damages are properly characterized as legal or equitable. If legal, the joinder of claims for equitable relief would not defeat defendants' right to a jury trial on the legal claims. Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); McMahon v. Prentice-Hall, Inc., 486 F.Supp. 1296 (E.D.Mo.1980).
The courts which have decided this issue have not concurred as to the proper result. Compare Broadcast Music, Inc. v. Papa John's Inc., 201 U.S.P.Q. 302 (N.D.Ind.1979); Cayman Music, Ltd. v. Reichenberger, 403 F.Supp. 794 (W.D.Wis.1975); and Broadcast Music, Inc. v. Dici Naz Velleggia, Inc., 490 F.Supp. 1342 (D.Md.1980), all holding that the award of statutory damages is equitable, with Chappell & Co., Inc. v. Pumpernickel Pub, Inc., 79 F.R.D. 528 (D.Conn. 1977); and Chappell & Co. v. Cavalier Cafe, 13 F.R.D. 321 (D.Mass.1952), which hold to the contrary. See, also, Sid & Marty Krofft Television v. McDonald's Corp., 562 F.2d 1157 (9th Cir. 1977). This Court finds the reasoning of Papa John's persuasive.
Papa John's dealt with the predecessor to the present section 504(c), but the reasoning therein is equally applicable to this section. The present section allows the copyright owner to elect to forego recovery of actual damages and profits and to recover instead statutory damages "in a sum of not less than $250 or more than $10,000 as the court considers just." When the court finds the infringement to have been willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $50,000." Conversely, where the infringement is innocent, "the court in its discretion may reduce the award of statutory damages to a sum of not less than $100." (Emphasis added).
The very language of this section suggests equitable relief. The Court is to exercise its discretion in determining what is just.
In other words, the court's conception of what is just in a particular case, considering the nature of the copyright, the circumstances of the infringement and the like, is made the measure of damages to be paid, but with the express qualification that in every case the assessment must be within the prescribed limitations, that is to say, neither more than the maximum nor less than the minimum. Within these limitations the court's discretion and sense of justice are controlling, but it has no discretion when proceeding under this provision to go outside of them. L. A. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 106-107, 39 S.Ct. 194, 195-196, 63 L.Ed. 499 (1919).
See, also, Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 232, 73 S.Ct. 222, 225, 97 L.Ed. 276 (1952). This Court therefore believes that an award of statutory damages is an equitable remedy. Defendants' request for a jury trial will be stricken.
NOTES
[1] In Count I of the First Amended Complaint in Cause No. 80-1200 C (2), the maximum recovery sought is Ten Thousand Dollars ($10,000). Compare 17 U.S.C. § 504(c)(1) with 17 U.S.C. § 504(c)(2).