TWENTIETH CENTURY MUSIC CORP., House of Weiss Music Co., Lewis Music Publishing Co., Inc., Chess Music Inc., Milene Music, Inc., Chappell & Co., Inc., and Pic Corp., Plaintiffs-Appellees,

v.

Curtis FRITH and Carlton Lee Davis, Defendants-Appellants.

STONEBRIDGE MUSIC and Blue Moon Music, Plaintiffs-Appellees,

v.

Curtis FRITH and Carlton Lee Davis, Defendants-Appellants.

DOUBLE R MUSIC CORPORATION, Chappell & Company, Inc., Milene Music, Inc., and MCA, Inc., Plaintiffs-Appellees,

v.

Curtis FRITH and Carlton Lee Davis, Defendants-Appellants.

Nos. 80–7653, 80–7654 and 80–7655 Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit B

May 14, 1981.

Elkins & Flourny, James A. Elkins, Jr., Columbus, Ga., for defendants-appellants.

Smith, Cohen, Ringel, Kohler & Martin, I. T. Cohen, Atlanta, Ga., for plaintiffs-appellees.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants seek reversal of the District Court's order denying their motion for a jury trial on appellee's copyright infringement action seeking only the statutory minimum damages under 17 U.S.C. § 101(b) (1909); 17 U.S.C. § 504(c) (1976) and injunctive relief. Appellants also seek reversal of the District Court's award of $2,100.00 in attorney's fees as excessive. We affirm.

I.

In total the three actions, consolidated by agreement of the parties, alleged thirteen copyright infringements of appellees' musical compositions by public performance for profit at the Juwan Knight Club, Columbus, Georgia in 1977 and 1978. The appellants are the owner and manager of the Club at which these musical compositions were performed as part of the entertainment regularly provided. Some of the musical compositions which are the subject of this action were performed by a live orchestra, others by recordings played on a jukebox. Patrons of the Club were required to pay an admission charge for entrance to the Club and for the entertainment provided.

Appellants demanded trial by jury. Appellees moved to strike the jury demands and simultaneously filed stipulations waiving any claim for damages above the statutory minimum and for injunctive relief. The District Court granted appellees' motion, and found that their copyrights had been infringed. The Court issued a permanent injunction against further infringement, awarded the minimum statutory damages of $250 for each infringement and attorneys' fees totaling $2,100.00, noting that only one hearing had been required to dispose of the cases. It is not suggested that the Court lacked adequate evidential support for its determination. The only question raised is the propriety of the Court's order.

## II.

■ This appeal seems to present very simple questions. Appellant argues that this appeal is governed by the principles of *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). We find their arguments unpersuasive in light of *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). *See BMI v. Papa John's Inc.*, 201 U.S.P.Q. 302 (N.D.Ind.1979); *Cayman Music Ltd. v. Reichenberger*, 403 F.Supp. 794 (W.D.Wis.1975). The whole case before the Court was equitable in nature as to which the appellant had no constitutional or statutory right to a jury trial. *See Chappell & Co. v. Palermo Cafe Co.*, 249 F.2d 77, 78 (1st Cir. 1957); *BMI v. Dici Naz Velleggia*, 490 F.Supp. 1342 (D.Md.1980).

■ Appellant's contention that the award of attorney's fees was excessive appears frivolous. The Court, in its order, clearly indicated a consideration of the circumstances had been made and its award of $2,100.00 does not constitute an abuse of discretion.

The judgment of the District Court is Affirmed.