**Joel F. GLAZIER, Plaintiff,**

v.

**FIRST MEDIA CORPORATION, a Delaware Corporation, Defendant.**

Civ. A. No. 81–142.

United States District Court,
D. Delaware.

Feb. 2, 1982.

---

Roderick R. McKelvie, of Robinson, McKelvie & Geddes, Wilmington, Del., for plaintiff.

Eduard F. Von Wettberg, III, of Morris, James, Hitchens & Williams, Wilmington, Del., for defendant and Michael A. Pace, of Dow, Lohnes & Albertson, Washington, D. C., of counsel.

## OPINION

STEEL, Senior District Judge.

The complaint alleges a copyright infringement claim under section 504(c) of the Copyright Act of 1976, 17 U.S.C. § 101, et seq. It prays for a permanent injunction, profits and damages including statutory damages under section 504(c), including those relating to wilful infringement plus costs and reasonable attorneys' fees. Defendant has filed a motion to strike plaintiff's jury demand insofar as such demand applies to a determination of statutory damages under section 504(c), and for a pretrial determination of the time when plaintiff must elect remedies under section 504(c)(1).

Section 504, entitled "Remedies for Infringement: Damages and Profits" provides:

(a) *In General.*—Except as otherwise provided by this title, an infringer of copyright is liable for either—

(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

(2) statutory damages, as provided by subsection (c) . . . .

(c) *Statutory Damages.*—

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, . . . before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $250 or more than $10,000 as the court considers just. . . .

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory

damages to a sum of not more than $50,-000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $100.

▮ The defendant does not controvert plaintiff's right to a jury trial on the issues of actual damages or profits. Its contention is restricted to the claim that statutory damages under section 504(c) lie within the discretion of the Court and must be determined by it; in short, that that claim is equitable and not legal. If this contention is valid, then plaintiff's right to a jury trial under the Seventh Amendment has no application; otherwise it does. It is settled that if possible a Court should decide a controversy on the basis of statutory construction and thus avoid the constitutional question rather than on a constitutional right. *Lorillard v. Pons*, 434 U.S. 575, 577, 98 S.Ct. 866, 868, 55 L.Ed.2d 40 (1978).

▮ The language of section 504(c) itself strongly suggests that Congress intended that a Court, and not a jury, should determine as a matter of judicial discretion the amount of statutory damages. "The very language of this section suggests equitable relief. The Court is to exercise its discretion in determining what is just." *Rodgers v. Breckenridge Hotels Corp.*, 512 F.Supp. 1326, 1327 (E.D.Mo.1981). The legislative history of the 1976 Act emphasizes this congressional purpose. *See* H.R.Rep.No. 1476, 94th Cong., 2nd Sess. 161 (1976) and S.Rep.No.473, 94th Cong., 1st Sess. 143–145 (1975), U.S.Code Cong. & Admin.News 1976, p. 5659. The House Report states that one of the purposes of the section was "to provide the Court with reasonable latitude to adjust recovery to the circumstances of the case." H.R.Rep.No.1476, *supra*, at 161, U.S. Code Cong. & Admin.News 1976, p. 5777. In discussing the factors that a Court may take into account in making an award of statutory damages, Congress made plain

that such a determination is made through the exercise of judicial discretion. *See* H.R. Rep.No.1476, *supra*, at 161, U.S.Code Cong. & Admin.News 1976, p. 5777. Congress emphasized that all determinations dealing with an award of statutory damages should be made by the Court rather than the jury. *See* H.R.Rep.No.1476, U.S.Code Cong. & Admin.News 1976, p. 5777, *supra*, which reads in part as follows:

> As a general rule, where the plaintiff elects to recover statutory damages, the court is obliged to award between $250 and $10,000. It can exercise discretion in awarding an amount within that range, but unless one of the exceptions provided by clause (2) is applicable, it cannot make an award of less than $250 or of more than $10,000 if the copyright owner has chosen recovery under § 504(c).

> *      *      *      *      *      *

> The basic principle underlying this provision [§ 504(c)(2)] is that the court should be given discretion to increase statutory damages in cases of willful infringement and to lower the minimum if the infringer is innocent. The language of the clause makes clear that in these situations the burden of proving willfulness rests on the copyright owner and that of proving innocence rests on the infringer, and that the court must make a finding of either willfulness or innocence in order to award the exceptional amounts.

H.R.Rep.No., *supra*, at 162–163, U.S.Code Cong. & Admin.News 1976, pp. 5778–5779.

The Supreme Court has not determined whether statutory damages under section 504(c) of the 1976 Act (the present Act) presents a legal or equitable issue. Only two Court of Appeals decisions have addressed the question. *Twentieth Century Music Corp. v. Frith*, 645 F.2d 6 (5th Cir. 1981), in which plaintiff sought an injunction and minimum statutory damages under 504(c) holds that the whole case before the court was equitable in nature and that plaintiff had no constitutional right to a jury trial.[1] On the other hand, *Gnossis*

---

1. *Compare Rodgers v. Breckenridge Hotels*     *Corp.*, supra, decided under the present law

*Music v. Mitkin, Inc.,* 211 USPQ 841 (4th Cir. 1981) holds that section 504(c) provides a remedy that is typically enforced in an action at law and hence requires a jury trial.

Cases decided under the 1909 Act, 17 U.S.C. § 101(b) (1909), the forerunner of the present Act, are relevant. The 1909 Act, like the present one, provided that a copyright infringer was obligated to pay actual damages and profits "or in lieu of actual damages and profits such damages as to the court shall appear to be just, . . . and . . . such damages shall [not] exceed the sum of $5,000 nor be less than the sum of $250." 17 U.S.C. § 101(b) (1909). The quoted language is analogous to the statutory damage provision in the present Act. In *Sid & Marty Krofft Television v. McDonald's Corp.,* 562 F.2d 1157 (9th Cir. 1977) the Court held that the district court erred in holding that "in lieu" damages presented a jury and not a discretionary court question. (p. 1177). It cited *L. A. Westermann Co. v. Dispatch Printing Co.,* 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499 (1919) and *F. W. Woolworth Co. v. Contemporary Arts Inc.,* 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952).

In *L. A. Westermann Co. v. Dispatch Printing Co., supra,* in speaking of the dollar limitations in the "in lieu" of damages provisions the Court said:

"Within these limitations the court's discretion and sense of justice are controlling, but it has no discretion when proceeding under this provision to go outside of them."

249 U.S. at 106–07, 39 S.Ct. at 195–96.

This decision was cited with approval in *F. W. Woolworth Co. v. Contemporary Arts, supra,* 344 U.S. at 232, 73 S.Ct. at 225. Underlying its decision is the conclusion that the amount of "in lieu" statutory damages is to be discretionarily determined by the Court and not a jury. 344 U.S. at 233, 73 S.Ct. at 225.

Between *Westermann* and *Woolworth,* the Court in *Douglas v. Cunningham,* 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862 (1935) had held that "in lieu" damages

"is committed solely to the court which hears the case."

294 U.S. at 210, 55 S.Ct. at 366.

*Gnossis Music v. Mitkin, Inc., supra,* is the only appellate court case which has determined under section 504(c) of the Copyright Act of 1976 that statutory damages must be submitted to a jury and not to the court. It held that the statute creates legal rights and remedies and hence the Seventh Amendment required a jury trial. It stated twice that such a result was required by *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978) and *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). 211 USPQ at 842–43.

Neither the *Barber* case nor the *Loether* case involved an interpretation of the Copyright Act. The *Barber* case was concerned with an interpretation of the Truth in Lending Act. *Loether* involved an interpretation of section 812 of the Civil Rights Act of 1968. The courts in *Barber* and in *Loether* held that under the statutes before them actions for damages involved the enforcement of legal duties which required a jury determination under the Seventh Amendment. *Barber,* like *Gnossis,* held that *Loether* required that result. 577 F.2d at 224.

The reliance of the courts in *Barber* and in *Gnossis* solely upon *Loether* requires an analysis of the latter decision. It involved section 812 of the Civil Rights Act of 1968 which authorized private plaintiffs to bring civil actions to redress violations of Title VIII, the Fair Housing Provisions Act. Section 812 provided that "the court" may grant injunctive relief and "award to the

and *Broadcast Music, Inc. v. Papa John's Inc.,* 201 U.S.P.Q. 302 (N.D.Ind.1979); *Cayman Music, Ltd. v. Reichenberger,* 403 F.Supp. 794 (W.D.Wis.1975); and *Broadcast Music, Inc. v. Dici Naz Velleggia, Inc.,* 490 F.Supp. 1342 (D.Md.1980), decided under the former law, all

holding that the award of statutory damages is equitable; *with Chappell & Co., Inc. v. Pumpernickel Pub, Inc.,* 79 F.R.D. 528 (D.Conn.1977); and *Chappell & Co. v. Cavalier Cafe, Inc.,* 13 F.R.D. 321 (D.Mass.1952), holding to the contrary.

plaintiff actual damages and not more than $1,000 punitive damages...." The question presented was whether the Civil Rights Act or the Seventh Amendment requires a jury trial upon demand by one of the parties in an action for damages and injunctive relief. The Court held that a jury trial was required on the issues of "actual and punitive damages." The Court said:

"The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

\* \* \* \* \* \*

We think it clear that a damages action under § 812 is an action to enforce 'legal rights' within the meaning of our Seventh Amendment decisions. [citing cases]...

We need not, and do not, go so far as to say that any award of monetary relief must necessarily be 'legal' relief [citing cases]. A comparison of Title VIII with Title VII of the Civil Rights Act of 1964, where the courts of appeals have held that jury trial is not required in an action for reinstatement and backpay, is instructive, although we of course express no view on the jury trial issue in that context.[2] In Title VII cases the courts of appeals have characterized backpay as an integral part of an equitable remedy, a form of restitution. But the statutory language on which this characterization is based—

'[T]he court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ..., or any other equitable relief as the court

deems appropriate,' 42 U.S.C. § 2000e–5(g) (1970 ed., Supp. II)—

contrasts sharply with § 812's simple authorization of an action for actual and punitive damages. In Title VII cases, also, the courts have relied on the fact that the decision whether to award backpay is committed to the discretion of the trial judge. There is no comparable discretion here: if a plaintiff proves unlawful discrimination and actual damages, he is entitled to judgment for that amount." 415 U.S. at 194–97, 94 S.Ct. at 1008–10.

The distinction between the language in Title VIII and that in Title VII was thus emphasized in *Loether.* In Title VII, the *Loether* court noted the statute committed backpay issue to the discretion of the trial judge. The *Loether* court pointed out that Title VIII provided for no such comparable discretion; it provided that if a plaintiff proved unlawful discrimination he was entitled to "actual damages."

Although section 504 provides that a plaintiff upon proof of infringement may recover "actual damages and profits" it gives him an election to recover "statutory damages" "as the court considers just." The statute thus makes clear that the statutory determination must be made as a matter of judicial discretion.[3]

*Loether* provides no satisfactory basis for concluding that if section 504 of the Copyright Act were before it the Court would hold that statutory damages presented a legal issue which required a jury trial. Rather it appears more likely, in view of the distinction that it emphasized between the statutes in Title VII and Title VIII, that it would hold that the amount of the statutory damages under the Copyright Act presented solely an equitable issue to be resolved at the discretion of the Court.

This Court is therefore unwilling to follow the *Barber* and *Gnossis* decisions based

---

**2.** The Court in *Loether* referred to *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (C.A. 5 1969) and *Robinson v. Lorillard Corp.,* 444 F.2d 791, 802 (C.A. 4), cert. dismissed under Rule 60, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971) as cases decided

under Title VII of the Civil Rights Act of 1964. 415 U.S. at 196 n. 13, 94 S.Ct. at 1009 n. 13.

**3.** Both parties concede and the Court holds that the issue of actual damages and profits must be submitted to the jury.

**68**

as they are upon *Loether*; instead *Twentieth Century Music Corp. v. Frith, supra*, is the more persuasive.

*Broadcast Music, Inc. v. Moor-Law, Inc.*, 203 USPQ 487 (D.Del.1978) also implicitly holds that the determination of statutory damages under present copyright law presents a legal issue. Since it cites neither case law nor legislative history to support this, the Court does not feel obligated to follow it. *See U. S. A. v. Jannuzzio*, Cr.A. No. 1127 decided July 3, 1958.

Because the Court finds the statutory issue dispositive it will not address the constitutional question.

At the trial evidence relating to the claim of actual damages and profits will be submitted to a jury for its determination. At the same time such evidence as the parties wish to introduce relating to statutory damages may also be introduced. At the conclusion of the trial the jury will render a verdict on fixing the amount of actual damages and profits, if any. Thereafter the Court will determine the amount of statutory damages to be awarded. Before judgment is entered plaintiff will be required to elect whether he wishes to accept the verdict of the jury as to actual damages and profits or the Court's award of statutory damages. This procedure would seem to satisfy the requirement of *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).