**PGP MUSIC, Plaintiff,**

v.

**DAVRIC MAINE CORPORATION, Defendant.**

**Civ. No. 85–0276 P.**

United States District Court,
D. Maine.

Dec. 6, 1985.

John W. Philbrick, Portland, Me., for plaintiff.

Richard E. Poulos, Portland, Me., for defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S DEMAND FOR A JURY TRIAL**

GENE CARTER, District Judge.

In this action for copyright infringement, plaintiffs seek a permanent injunction and "such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1)." Section 504(c) provides:

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $250 or more than $10,000, as the court considers just.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court, in its discretion may increase the award of statutory damages to a sum of not more than $50,000.

Defendant has demanded a jury trial and plaintiff, with this motion, has moved to strike the demand on the grounds that the relief sought, including the statutory damages,[1] is equitable.

In 1957, the Court of Appeals for the First Circuit decided that a claim for statutory damages under 17 U.S.C. § 101, the predecessor to the statute addressed here, was a claim invoking the equity jurisdiction of the Court. *Chappell & Co., Inc. v. Palermo Cafe Co.,* 249 F.2d 77 (1st Cir. 1957). Courts outside this circuit have split on the issue, and there is a significant amount of learned discourse on each side. *Compare, e.g., Glazier v. First Media Corp.,* 532 F.Supp. 63 (D.Del.1982) (statutory damages equitable) *with Chappell & Co., Inc. v. Pumpernickel Pub, Inc.,* 79 F.R.D. 528 (D.Conn.1977) (statutory damages legal).

After considering the arguments on both sides, the Court is persuaded that the conclusion reached by the First Circuit Court of Appeals in 1957 is still correct. The

---

**1.** There is no dispute that plaintiff's request for an injunction does not entitle it to a jury trial.

statute does not specifically answer the question whether a jury trial is permitted. As many courts have pointed out, however: "The very language of this section suggests equitable relief. The Court is to exercise its discretion in determining what is just." *Rodgers v. Breckenridge Hotels Corp.*, 512 F.Supp. 1326, 1327 (E.D.Mo. 1981); *Glazier*, 532 F.Supp. at 65. The idea that the discretionary nature of the relief is an important factor finds some support in *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). In that case, the Supreme Court held that section 812 of Title VIII of the Fair Housing Act, providing for the award of actual damages and not more than $1,000 punitive damages, sets forth a legal remedy. The Court stated that it "need not, and [does] not, go so far as to say that any award of monetary relief must necessarily be 'legal' relief." *Id.* at 194, 94 S.Ct. at 1008. It then went on to distinguish cases in which the Courts of Appeals had found the back pay remedy in Title VII cases to be equitable relief: "In Title VII cases, also, the courts have relied on the fact that the decision whether to award back pay is committed to the discretion of the trial judge. There is no comparable discretion here; if a plaintiff proves unlawful discrimination and actual damages, he is entitled to judgment for that amount." *Id.* at 197, 94 S.Ct. at 1010.

Section 504 has one provision allowing recovery of actual damages which is analogous to the legal damages found in *Loether*. Any statutory damage award under section 504(c), however, is a matter of judicial discretion. *Glazier v. First Media Corp.*, 532 F.Supp. at 67. An award under section 504(c), therefore, is more analogous to the equitable remedy distinguished by the Court in *Loether*.

Despite the disagreement in the federal courts on this issue, this Court sees no reason to deviate from the course set by the First Circuit Court of Appeals long ago. When the complaint seeks injunctive relief and statutory damages, "the whole case before the district court [is] equitable in nature." *Chappell & Co. v. Palermo Cafe*

*Co.*, 249 F.2d at 79. There is, therefore, no right to a jury trial.

Accordingly, it is ORDERED that plaintiff's motion to strike defendant's demand for a jury trial is hereby GRANTED.